Jennifer K. Stinnett, Esq. (SBN 228209)
Janet S. Guy, Esq. (SBN 179489)
CHRISTENSEN HSU SIPES LLP
1740 Creekside Oaks Drive, Suite 140
Sacramento, CA 95833
Tel.: (916) 443-6909 / Fax: (916) 313-0645
jennifer@chs.law
janet@chs.law

Attorneys for Defendant, LG ELECTRONICS USA, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK DAVID PERCIN, | Case No.: 2:23-cv-03037-DJC-JDP |
| Plaintiff, | [Removed on 12/28/23 from State Court Action Filed 11/27/2023; Case No.: CU001101] |
| vs. | |
| LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC., COSTCO WHOLESALE CORPORATION; and DOES 1-20, inclusive, | **STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON** |
| Defendants. | |

**STIPULATION FOR PROTECTIVE ORDER**

It being represented to the Court that one or more of the named parties to this litigation have requested and/or are going to request documents from one or more of the other named parties which involve trade secrets, confidential research, proprietary materials, research and development, and/or commercial information belonging to said parties; and

It being represented to the Court that the parties are willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions and pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 141, and this Court's Standing Order for Civil Cases; and,

It being represented to the Court that all of the parties stipulate and agree to the following terms and conditions of a Protective Order for the disclosure of the aforementioned information:

It is hereby Stipulated as follows:

1. In the Stipulation and Protective Order, the word "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001 which have been produced in discovery in this proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2. The parties will disclose Documents that they designate "Confidential" and/or "Proprietary" to the other parties to this lawsuit and their attorneys, only pursuant to a Protective Order and under the conditions that follow. When producing said Documents, the producing party shall clearly mark each page of the Document "Confidential – Disclosure is Restricted by Protective Order."

3. Any and all of the aforesaid Documents disclosed by the parties and the contents thereof shall be maintained in confidence by the parties and their counsel. The aforesaid Documents shall not be photocopied or reproduced by any means without the prior consent of counsel for the producing party or until further order of this Court.

4. Any and all of the aforesaid Documents disclosed by the producing party and the contents thereof shall be used only in connection with the captioned matter and shall not be used for any other purpose whatsoever.

5. No person who examines any Documents produced pursuant to this order shall disseminate orally, in writing, or by any other means, the Documents or the information contained therein, to any person not also authorized to examine said Documents under the terms of this order.

6. Counsel for the parties to the captioned litigation may permit an expert or experts hired by/on behalf of the parties in the captioned litigation to review Documents subject to this Protective Order. However, counsel for the non-producing parties must first obtain from said experts a written statement confirming their agreement to comply with every element of this Protective Order. Said experts shall agree that the Documents and the contents thereof shall not be disclosed to any other person or entity and said Documents shall not be photocopied or reproduced by any

1  means. Any Documents provided to said experts must either be returned to the propounding party within thirty (30) days of the conclusion of the captioned litigation pursuant to the terms of paragraph nine (9) below.

7.  Notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

8.  Notwithstanding the foregoing provisions, this Protective Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the Documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

9.  Within thirty (30) days of the conclusion of the captioned litigation by settlement, jury verdict, nonsuit, dismissal, judgment order, or otherwise, parties who received Documents, including any and all copies, or renditions made from said Documents, shall return the Documents to the producing party or provide written confirmation to the producing party that all Documents have been destroyed.

10.  A breach of the terms of this Protective Order shall entitle the producing party to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

11.  Where any "Confidential" and/or "Proprietary" Documents, or information derived from "Confidential" and/or "Proprietary" Documents, is included in any motion or other proceeding, the party shall submit a request to seal the Documents pursuant to Local Rule 141 and shall mark the documents "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER" upon the Court's approval of the request to file under seal.

IT IS SO STIPULATED.

DATED: February 29, 2024     CHRISTENSEN HSU SIPES LLP

By: */s/ Jennifer K. Stinnet*
JENNIFER K. STINNETT, ESQ.
JANET S. GUY, ESQ.
Attorneys for Defendant

CHRISTENSEN HSU SIPES LLP

|   |   |
|---|---|
|   | LG ELECTRONICS USA, INC. |
| DATED: February 29, 2024 | JACOBSEN & MCELROY PC |
|   | By: */s/ Brian P. Dolin* |
|   | BRIAN P. DOLIN, ESQ. |
|   | Attorneys for Defendant |
|   | COSTCO WHOLESALE CORPORATION |
| DATED: February 29, 2024 |   |
|   | By: */s/ Mark D. Percin* |
|   | MARK DAVID PERCIN |
|   | IN PROPRIA PERSONA |

**ORDER**

Pursuant to the parties' stipulation,

IT IS SO ORDERED.

Dated:   March 6, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE